UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE CHARLES,<br><br>                    Plaintiff,<br>vs.<br>CARE ONE LLC, et al.,<br><br>                    Defendants. | Civil Action No. 2:17-cv-00706-SRC-CLW<br><br>**REPORT & RECOMMENDATION** |

**WALDOR,** **Magistrate Judge,**

    This matter comes before the Court by way of Plaintiff Marie Charles's failure to prosecute this case and the Court's power to manage its docket under Federal Rule of Civil Procedure 41(b). As set forth more fully below, the Court recommends that this matter be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    **I.    BACKGROUND**

    Plaintiff Marie Charles first filed this employment action in the Superior Court of New Jersey, Law Division, Union County, on December 16, 2016. (Compl., ECF No. 1-1). Charles alleges that Defendants wrongfully denied her leave and reasonable accommodations during her pregnancy, reduced her working hours, and ultimately retaliated against her by terminating her from her position. Charles brings claims under the New Jersey Law Against Discrimination, the New Jersey Family Medical Leave Act, the Family Medical Leave Act, as well as various tort claims, against Defendants. On February 2, 2017, Defendants removed this action to this Court on the basis of federal question jurisdiction. (Notice of Removal, ECF No. 1).

    The Court held an Initial Pretrial Conference on April 13, 2017, and the Court entered a Pretrial Scheduling Order on that date. (ECF No. 6). On August 17, 2018, Shelley L. Stangler, P.C., counsel for Plaintiff, filed a Motion to Withdraw as counsel. (ECF No. 17). According to Plaintiff's

counsel, their continued representation of Plaintiff imposed an unreasonable financial burden and thus warranted their withdrawal. (*Id.* at p. 7-8). On August 30, 2018, the Court issued an Order scheduling an in-person conference to address the Motion to Withdraw and directed Plaintiff's counsel to serve Plaintiff with the Motion and notice of the hearing date. (ECF No. 19). On September 4, 2018, the Court adjourned the hearing date to October 17, 2018. (ECF No. 20). Plaintiff's counsel certified that he served Plaintiff by mail in accordance with the Court's Order, and that he spoke with Plaintiff on the telephone about the October 17, 2018 hearing. (Certification of Terrence M. McNamara, ECF No. 21). According to McNamara's certification, Plaintiff stated that she was aware of but would not attend the hearing and that "she did not intend to continue pursuing her case." (*Id.* ¶ 9).

On October 17, 2018, the Court held the hearing on Plaintiff's counsel's Motion to Withdraw. Plaintiff did not appear at the hearing. The Court granted Plaintiff's counsel's Motion and issued an Order directing Plaintiff to retain new counsel within forty-five days or proceed as a *pro se* litigant. The Order set an in-person conference for December 3, 2018. (ECF No. 22). Plaintiff's counsel served Plaintiff with the Order via certified and ordinary mail. (ECF No. 23). Plaintiff's counsel certified that the United States Post Office online tracking system indicated that notice was left for Plaintiff at her address. (*Id.* ¶ 4). Plaintiff failed to appear for the December 3, 2018 hearing.

On December 6, 2018, the Court issued an Order to Show Cause as to why this matter should not be dismissed for Plaintiff's ongoing failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 24). The Court ordered Plaintiff to appear and show cause on January 14, 2019 and directed the Clerk to transmit the Order to Show Cause to Plaintiff at the address listed on the docket. (*Id.*). On January 15, 2019, the Order to Show Cause sent by certified

mail to Plaintiff's listed address was returned as undeliverable. (ECF No. 25). Plaintiff had failed to advise the Clerk of a change in her address as required by Local Civil Rule 10.1(a). The Court *sua sponte* updated the docket with Plaintiff's last known address, which was included in Plaintiff's counsel's October 17, 2018 certification, and reissued the Order to Show Cause so that Plaintiff would receive notice at her updated address. (ECF No. 26). The Court reset the hearing date to March 7, 2019. (*Id.* at p. 1). On February 7, 2019, the Court adjourned the hearing from March 7, 2019 to March 8, 2019. (ECF No. 27). Plaintiff did not receive notice by mail of this adjournment, and Plaintiff did not appear on the originally scheduled March 7, 2019 date.

On March 11, 2019, the Court issued its final Order to Show Cause as to why this suit should not be dismissed for failure to prosecute. (ECF No. 28). The Court ordered Plaintiff to appear and show cause on April 2, 2019 and transmitted the Order to Plaintiff at her updated address. (ECF No. 28). Plaintiff failed to appear at the April 2, 2019 hearing.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" *Link v. Wabash R. Co.*, 370 U.S. 626, 629, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

In *Poulis v. State Farm Fire and Casualty Insurance Company*, the Third Circuit articulated a multifactor balancing test for determining whether the dismissal of an action with prejudice is an appropriate remedy. The factors include: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad

3

faith; (5) the effectiveness of sanctions other than dismissal…and (6) the meritoriousness of the claim or defense." 747 F.2d 863, 868 (3d Cir. 1984). "Not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

### III.    DISCUSSION

Plaintiff has not taken any steps to prosecute this matter since her former counsel moved to withdraw in August 2018. Plaintiff did not appear at her counsel's withdrawal hearing and, according to Plaintiff's counsel's certification, informed her counsel that she did not wish to proceed with this case. Plaintiff's complete failure to abide by Court orders over the past nine months confirms Plaintiff's lack of desire to participate in this litigation. Plaintiff has not appeared for any scheduled hearings, including two hearings for which the Court ordered Plaintiff to show cause as to why this matter should not be dismissed for her failure to prosecute. Moreover, Plaintiff has not made any other efforts to contact the Court.

In light of Plaintiff's course of conduct, the Court finds that the *Poulis* analysis weighs in favor of dismissing this action. First, Plaintiff has demonstrated a "history of dilatoriness." Plaintiff failed to appear for the past four hearings in this matter and has not made any other efforts to contact the Court or prosecute her claims. Plaintiff's "consistent non-response to court orders" constitutes a pattern of "repeated delay" that weighs in favor of dismissal. *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994); *see also Khan v. Guardian Life Ins. Co. of Am.*, No. CV 16-253, 2017 WL 3317302, at *3 (D.N.J. Aug. 2, 2017).

Second, Plaintiff's repeated violations of the Court's orders were "willful," so this *Poulis* factor also cuts in favor of dismissal. Plaintiff has not attempted to excuse her repeated absences from Court hearings and even told her former counsel that she did not intend to proceed with this case.

Furthermore, Plaintiff has not requested any extensions or adjournments in the case. *Poulis*, 747 F.2d at 867.

Third, Plaintiff herself bears personal responsibility for the abandonment of her claims. Plaintiff's counsel withdrew their representation on October 17, 2018. From that point onward, Plaintiff has proceeded *pro se* and thus taken personal responsibility for attending the hearings scheduled by the Court. This is not a circumstance in which dismissal would punish a blameless client for the failings of his or her counsel.

Fourth, Defendants will suffer continued prejudice because of Plaintiff's abandonment of this litigation. Defendants cannot adequately defend themselves against the claims of a Plaintiff who does not participate in the litigation in any manner. Moreover, Defendants are prejudiced because this matter has been at a standstill for over six months. *See Khan,* 2017 WL 3317302, at *2 (D.N.J. Aug. 2, 2017) ("undue delays caused by plaintiff's failure to prosecute and comply with court orders were 'inherently prejudicial' to the defendant," and "Plaintiff's failure to maintain communication with both Defendant and the Court and move this matter unfairly prejudices Defendant.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)).

Finally, in light of Plaintiff's complete disregard of this Court's Orders to Show Cause, less drastic sanctions would not be effectual. In its Orders to Show Cause, the Court specifically warned Plaintiff that the matter would be dismissed if she did not appear. Plaintiff failed to appear anyway. Given that the threat of dismissal did not motivate Plaintiff to make any effort to pursue her case, it is unlikely that a lesser sanction would do so.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that this matter be dismissed in its entirety with prejudice, pursuant to Federal Rule of Procedure 41(b).

Pursuant to Local Rule 72.1(c)(2), parties shall have 14 days from the date this report is filed with the Clerk of the Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

**Dated:** May 29, 2019

s/ Cathy Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**
