NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE CHARLES, <br><br> Plaintiff, <br><br> v. <br><br> CARE ONE LLC, et al., <br><br> Defendants. | **Civil Action No. 17-706 (SRC)** <br><br> **OPINION** |

**CHESLER**, District Judge

This matter was initiated by Order to Show Cause, issued by Magistrate Judge Waldor on December 6, 2018, directing pro se Plaintiff Marie Charles to show cause why the above-captioned lawsuit should not be dismissed for failure by Plaintiff to prosecute her action pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 24.[1] Judge Waldor specifically indicated that should Plaintiff fail to appear at the January 14, 2019 hearing, as ordered, the Court would dismiss the case with prejudice. Plaintiff failed to appear at the show cause hearing, failed to file any written submission indicating why the action should not be dismissed, and failed to respond in any manner to the December 6, 2018 Order to Show Cause.

On January 15, 2019, the mailing sent by the Clerk to Plaintiff advising her of the Order to Show Cause was returned to the office of the Clerk as undeliverable. The mailing was directed

---

[1] The Court notes that Plaintiff was previously represented by counsel, however, on October 17, 2018, the Court granted Plaintiff's counsel's motion to withdraw. ECF No. 22. Despite being notified of the motion hearing, Plaintiff did not appear at the hearing, and indicated to counsel that she did not intend to pursue her case. The October 17, 2018 Order directed Plaintiff to retain new counsel within forty-five days or proceed as a pro se litigant. Id. The Order additionally set an in-person conference for December 3, 2018. Id. Plaintiff, however, failed to appear for the December 3, 2018 conference.

1

to Plaintiff's address of record. Thereafter, the Court sua sponte updated Plaintiff's last known address on the docket, using her prior counsel's October 17, 2018 certification in support of the motion to withdraw. The Court then reissued the Order to Show Cause and reset the hearing date to March 7, 2019.[2] ECF No. 26. Plaintiff did not appear for the March 8, 2019 hearing.

On March 11, 2019, the Court issued its third and final Order to Show Cause. ECF No. 28. The Court ordered Plaintiff to appear and show cause on April 2, 2019, as to why this suit should not be dismissed for failure to prosecute. Despite transmitting the Order to Plaintiff at the updated address provided, Plaintiff again failed to appear.

Under the Local Civil Rules of the District of New Jersey, Plaintiff has an ongoing obligation to keep the Court apprised of her address. See L. Civ. R. 10.1(a). Indeed, a failure to advise the Court of a change of address "may result in the imposition of sanctions by the Court." Id. These sanctions include dismissal of the action. See, e.g., Macon v. City of Asbury Park, No. 07-1413 (MLC), 2008 WL 1882899 (D.N.J. Apr. 24, 2008) (adopting report and recommendation of magistrate judge and dismissing the complaint for failure by the pro se plaintiff to keep the court apprised of his address). Here, Plaintiff's failure to inform the Court of her current address impedes communication between the Court and Plaintiff and further indicates Plaintiff's desire not to pursue this action any longer.

Accordingly, the magistrate judge issued a Report and Recommendation ("R&R") on May 29, 2019 pursuant to Fed. R. Civ. P. 72(b), L. Civ. R. 72.1(a)(2), and 28 U.S.C. § 636(b)(1)(C). ECF No. 29. In the R&R, Judge Waldor notes that Plaintiff's failure to appear at the show cause hearing is consistent with her expressed wishes to her prior counsel to discontinue this action. Though Plaintiff has not complied with the court's request that she make

---

[2] The hearing was later adjourned by one day, to March 8, 2019.

a written submission to the court regarding a voluntary dismissal, the magistrate judge concluded that Plaintiff's repeated failure to appear for conferences, her failure to respond to the Order To Show Cause, and the statement she made to prior counsel expressing her wish not to proceed with this lawsuit indicates that a dismissal for failure to prosecute is appropriate. Judge Waldor therefore recommends in the R&R a dismissal with prejudice pursuant to Local Civil Rule 41(a).

The time for filing objections to the R&R has expired. 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). No objections have been filed.[3] This Court has reviewed Judge Waldor's R&R. It accepts and agrees with Judge Waldor's findings and recommendation in whole.

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action with prejudice for a plaintiff's failure to prosecute an action or failure to comply with a court's order. Fed. R. Civ. P. 41(b). Likewise, Local Civil Rule 41.1(a) provides that "[c]ivil cases . . . which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared . . . ." L. Civ. R. 41.1(a). As detailed in the R&R, Plaintiff has failed to appear for court-ordered conferences, has taken no action for many months to move this case forward, and submitted no response to the Order to Show Cause directing her to demonstrate why this case should not be dismissed. Moreover, it is

---

[3] As set forth above, although the Court sua sponte updated Plaintiff's address on the docket to her last known address, the address Plaintiff maintains on the docket of this action may not be current. As a result of Plaintiff's failure to keep the Court apprised of her address, delivery of the R&R to Plaintiff may not have been possible. Nevertheless, for the reasons discussed in this Opinion, Plaintiff's failure to prosecute warrants adoption of the R&R and dismissal of the action.

obvious that Plaintiff has simply abandoned this action. As set forth in the R&R, all indications point to Plaintiff's wish not to proceed with this lawsuit.

Accordingly, this Court will adopt the R&R issued on May 29, 2019 [ECF No. 29] as the Opinion of the Court and will dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). An appropriate form of Order will be filed.


      s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: July 17, 2019